**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Jean Thorsted,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-24-08039-PCT-DLR<br><br>**ORDER** |

Plaintiff Donna Jean Thorsted applied for Social Security Disability Insurance benefits, alleging disability beginning March 29, 2019. Her application was denied initially and on reconsideration, after which Thorsted requested a hearing before an Administrative Law Judge ("ALJ"). Following that hearing, the ALJ issued a written decision finding Thorsted not disabled. (AR 17-27.) That decision became the final decision of Defendant the Commissioner of the Social Security Administration ("Commissioner") when the agency's Appeals Council denied review. (AR 1.) Thorsted seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). (Doc. 1.)

**I.     Five-Step Process**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging

1  in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, where he assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## II.     Legal Standard

This Court reviews only those issued raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

## III.    Analysis

The ALJ found that: (1) Thorsted had not been engaged in substantial gainful activity since her alleged disability onset date; (2) Thorsted's severe impairments are fibromyalgia, degenerative changes of the low back and neck; intermittent tremor of the

head and neck; trigger fingers of the bilateral middle fingers; intermittent plantar neuropathy; and obesity; (3) Thorsted's impairments do not meet or medically equal the severity of one of the presumptively disabling listed impairments; (4) despite her impairments, Thorsted has the RFC to perform light work with some limitations, though she could "frequently handle, finger, and feel bilaterally;" and (5) Thorsted was not disabled because she was capable of performing her past relevant work as a loan officer. (AR 20-27.) In making these findings and reaching these conclusions, the ALJ discounted Thorsted's symptom testimony and the opinions of Thorsted's treating physician, Dr. Chelsea Presbrey (which, if credited, would have been work-preclusive), and purported to rely on the opinion of consultative examiner Anne Marie Garibaldi, PA-C, even though PA Garibaldi assessed limitations inconsistent with the performance of Thorsted's past relevant work. (AR 22-27.)

Thorsted argues that the ALJ failed to provide legally adequate justifications for rejecting her symptom testimony and the opinions of Dr. Presbrey. She also argues that the ALJ erred by purporting to rely on PA Garibaldi's opinion while failing to incorporate PA Garibaldi's manipulative limitations into the RFC. (Doc. 8.) In response, the Commissioner concedes that the ALJ erred by purporting to rely on PA Garibaldi's opinion without incorporating those manipulative limitations into the RFC. The Commissioner contends that it disagrees with Thorsted's arguments that the ALJ erred in his assessment of Thorsted's symptom testimony and Dr. Presbrey's opinions, but the Commissioner does not meaningfully address Thorsted's arguments on these two issues. Instead, the Commissioner argues that the Court does not need to reach these issues because, even if the ALJ erred across the board, the Court should remand for further proceedings. (Doc. 12.) In reply, Thorsted contends that the Court should remand this case for an immediate award of benefits. (Doc. 13.) Thus, the issue before the Court is one of remedy: whether to remand for further proceedings or for an immediate award of benefits.

When faced with an erroneous agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation[.]"

*Treichler v. Commr of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Remand for an award of benefits is appropriate only in exceptional circumstances where further administrative proceedings would serve no useful purpose, and the record has been fully developed. *Id.*; *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [for an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit has developed the "credit-as-true" rule as a procedure for determining whether exceptional circumstances justifying a remand for benefits exist. *See Treichler*, 775 F.3d at 1100-01. The first step asks whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues to be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. *Treichler*¸ 775 F.3d at 1101; *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). If the Court concludes there are no outstanding issues and further proceedings would not be useful, it may credit the testimony as true and determine whether the record leaves any uncertainty as to the outcome of the proceeding. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). Only when these elements are met may the Court exercise its discretion to remand for a calculation of benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). But even if all these elements are satisfied, the Court is not required to remand for an award of benefits. It instead may exercise its discretion to remand for further proceedings, especially if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, the parties agree that the ALJ harmfully erred by purporting to rely on PA Garibaldi's opinion while failing to incorporate the assessed manipulative limitations into the RFC. The Court also assumes for present purposes that the ALJ did not adequately explain and support its rejection of Dr. Presbrey's opinions and Thorsted's symptom testimony. Indeed, the Commissioner failed to develop counterarguments to those raised by Thorsted in her opening brief. Still, the Court finds this is not one of those rare cases in which further proceedings would serve no useful purpose.

Most notably, this record contains conflicting functional assessments. Dr. Presbrey opined that Thorsted could sit, stand, and walk less than eight hours in a workday, was limited in her use of her hands, and had other needs and restrictions that collectively would have precluded all work. (AR 535-36, 677-80.) PA Garibaldi opined that Thorsted could perform a range of light work with additional limitations, including only occasional handling, fingering and feeling. (AR 617-19.) It is unclear from this record whether someone with those limitations could work. Although the vocational expert testified that a hypothetical individual who was limited to occasional handling, fingering, and feeling could not perform the job of loan officer as that job is generally performed (AR 50-51), the vocational expert did not offer an opinion on whether the job of loan officer as Thorsted actually performed it required frequent, as opposed to only occasional, fingering, nor did the vocational expert opine whether a hypothetical individual with PA Garibaldi's assessed manipulative limitations could perform other jobs in the national economy. And the state agency medical consultants found that Thorsted could perform a range of light work with additional limitations, including frequent handling, fingering, and feeling. (AR 122-25, 147-50.) The ALJ—not this Court—is responsible for resolving these sorts of conflicts in medical testimony, including determining credibility. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

/ / /

/ / /

**IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and this matter **REMANDED** for further proceedings.

Dated this 25th day of March, 2025.

_____
Douglas L. Rayes
Senior United States District Judge